Filed 9/28/15  Boyle v. Bank of America CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| TIM BOYLE et al., | C074713 |
| Plaintiffs and Appellants, | (Super. Ct. No. 78468) |
| v. | |
| BANK OF AMERICA, N.A., et al., | |
| Defendants and Respondents. | |

In 2006 plaintiffs Tim and Darlene Boyle took out a mortgage loan for $736,000. The Boyles defaulted on the loan four years later and, in an attempt to forestall foreclosure, filed suit against defendants Bank of America, N.A., and Mortgage Electronic Registration Systems, Inc. (MERS).  Their second amended complaint alleged fraud, civil conspiracy, wrongful foreclosure in violation of Civil Code sections 2924 and 2923.5, and violation of Business and Professions Code section 17200 et seq.[1]  The trial

---

[1]  All further statutory references are to the Civil Code unless otherwise designated.

court sustained defendants' demurrer without leave to amend as to all causes of action except the violation of section 2923.5. After the Boyles requested dismissal of this cause of action, the trial court entered judgment in favor of defendants. On appeal, the Boyles contend they sufficiently alleged facts in support of their causes of action, or could have amended their complaint to allege such facts. We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2006 the Boyles executed a promissory note in the amount of $736,000 in favor of Countrywide Home Loans, Inc. (Countrywide), secured by a deed of trust on the property. The deed of trust identified the Boyles as the borrower, Countrywide as lender, ReconTrust Company, N.A. (ReconTrust), as the trustee, and MERS as the beneficiary acting "solely as a nominee for Lender and Lender's successors and assigns."

The deed of trust states that "MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property . . . ." The note was pooled and securitized into a loan trust with a closing date of September 29, 2006.

The Boyles ceased making payments on the loan in July 2010. In September 2011 MERS executed an assignment of the deed of trust transferring its interest under the deed of trust to Bank of America. ReconTrust, the trustee under the deed of trust, executed a notice of default in December 2011. In March 2012 ReconTrust executed a notice of trustee's sale, which had not yet taken place when briefing was completed.

**The Boyles' First Complaint**

In April 2012 the Boyles filed a complaint alleging four causes of action against defendants. In their first cause of action, the Boyles asserted defendants committed fraud by causing fraudulent documents to be recorded. The assignment of the deed of trust was fraudulent because MERS had no beneficial interest in the property or note. In the

2

alternative, if MERS had any interest, it was extinguished when the note was transferred to the loan trust. The notice of default was fraudulent because Bank of America never had any interest in the property.

The Boyles' second cause of action alleged wrongful foreclosure under section 2924 and alleged Bank of America could not conduct foreclosure based upon the fraudulent assignment and notice of default. Their third cause of action for wrongful foreclosure under section 2923.5 stated Bank of America failed to comply with the requirements for issuing a notice of default. The Boyles based their final cause of action under Business and Professions Code section 17200 et seq. on the wrongful acts of Bank of America.

Bank of America and MERS filed a demurrer. As to the fraud cause of action, Bank of America and MERS argued the Boyles failed to allege any fraudulent conduct, MERS had no authority to begin foreclosure, and the recordings of the foreclosure documents were privileged acts that could not support a fraud claim. The cause of action under section 2924 failed because the Boyles failed to allege tender. Bank of America and MERS challenged the section 2923.5 allegation, arguing it had attached a declaration to the notice of default stating it had tried to contact the borrowers with due diligence and the Boyles failed to allege any prejudice. The cause of action under Business and Professions Code section 17200 et seq. failed for lack of a predicate offense and the Boyles' failure to assert any damages.

In June 2012 the Boyles filed a first amended complaint. The amended complaint added a new cause of action for conspiracy to commit fraud. Bank of America and MERS filed a demurrer to the first amended complaint, arguing the new cause of action failed to sufficiently allege a predicate act of fraud.

The trial court's ruling sustained the demurrer with leave to amend in part and overruled it in part. The court found the Boyles did not need to tender the full amount of mortgage indebtedness to bring an action under section 2923.5 and that this cause of

3

action was adequately pleaded. The court sustained Bank of America and MERS's demurrer as to the fraud cause of action with leave to amend, finding it inadequately pleaded. The court also sustained the demurrer to the second cause of action for conspiracy with leave to amend. Because the fraud cause of action was inadequately pleaded, the conspiracy cause of action also failed. The third cause of action for wrongful foreclosure under section 2924 was also sustained with leave to amend. The demurrer to the fourth cause of action for wrongful foreclosure under section 2923.5 was overruled, and the cause of action for violation of the unfair competition law (UCL; Bus. & Prof. Code, § 17200 et seq.) was also overruled.

**The Boyles' Second Amended Complaint**

In their second amended complaint, the Boyles expanded their fraud allegations and added allegations to their third cause of action for wrongful foreclosure under section 2924 and their UCL claim. Bank of America and MERS demurred to the second amended complaint.

The trial court sustained the demurrer without leave to amend except for the cause of action for wrongful foreclosure under section 2923.5. The court found the first cause of action for fraud was not pleaded with the requisite specificity, the recording of the foreclosure was proper, MERS had the authority to foreclose, and securitization does not affect the right to foreclose. As for the second cause of action for conspiracy, the court found no predicate tort. The third cause of action, under section 2924, failed because MERS possessed the authority to foreclose, there was no requirement that the original promissory note be produced, and the Boyles failed to allege damages resulting from the wrongful foreclosure. The Boyles' fifth cause of action for violation of the UCL was defective and the demurrer was properly sustained on the grounds they failed to allege damages.

Subsequently, the Boyles filed a request for dismissal of the surviving fourth cause of action under section 2923.5. After the claim was dismissed, the trial court issued a

4

judgment in favor of Bank of America and MERS. The Boyles filed a timely notice of appeal.

## DISCUSSION

### STANDARD OF REVIEW

The function of a demurrer is to test the sufficiency of the complaint by raising questions of law. We give the complaint a reasonable interpretation and read it as a whole with its parts considered in their context. A general demurrer admits the truth of all material factual allegations. We are not concerned with the plaintiff's ability to prove the allegations or with any possible difficulties in making such proof. We are not bound by the construction placed by the trial court on the pleadings; instead, we make our own independent judgment. (*Herman v. Los Angeles County Metropolitan Transportation Authority* (1999) 71 Cal.App.4th 819, 824.)

Where the trial court sustains the demurrer without leave to amend, we must decide whether there is a reasonable possibility the plaintiff can cure the defect with an amendment. If we find that an amendment could cure the defect, we must find the court abused its discretion and reverse. If not, the court has not abused its discretion. The plaintiff bears the burden of proving an amendment would cure the defect. (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1153 (*Gomes*).)

### FRAUD

The elements of fraud are a false representation of a material fact, knowledge of the falsity, intent to induce another to rely on the representation, reliance, and resulting damage. Each element of fraud must be alleged factually and specifically. (*West v. JPMorgan Chase Bank, N.A* (2013) 214 Cal.App.4th 780, 792; *Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 157.) To assert a cause of action for fraud against a corporation, a plaintiff must allege the name of the person who allegedly made the fraudulent representation, his or her authority to speak, to whom he or she spoke,

5

what was said and when it was said. (*Tarmann*, at p. 157.) General or conclusory allegations will not suffice to plead a cause of action for fraud. (*West*, at p. 793.)

In their fraud cause of action, the Boyles contend Bank of America and MERS recorded a fraudulent deed of trust. The trial court determined no fraudulent activity occurred, since MERS, as beneficiary under the deed of trust, recorded an assignment of the deed of trust to Bank of America. ReconTrust, as trustee under the deed of trust, recorded a notice of default and a notice of trustee's sale. As the court noted: ". . . MERS has the authority to foreclose. MERS' authority to make a valid assignment of the note on behalf of the original lender has been determined valid by appellate courts. [Citation.] Courts have rejected similar challenges to MERS's authority to foreclose. [Citations.]"

Courts have indeed repeatedly rejected challenges to the foreclosure process of the type asserted by the Boyles, holding that the homeowners did not have standing to challenge a vast array of irregularities in the transfer of rights and obligations under assignments and substitutions. (*Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 82; *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 511 (*Jenkins*).) "California's nonjudicial foreclosure scheme does not 'provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized.' *Gomes*[, *supra*,] 192 Cal.App.4th [at p.] 1155, 121 Cal. Rptr. 3d 819 (2011)[.]" (*Diunugala v. JP Morgan Chase Bank, N.A.* (S.D.Cal. Oct. 3, 2013, No. 12cv2106-WQH-NLS) 2013 U.S.Dist. Lexis 144326 at p. *20.) In *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, the homeowners alleged a defect in the assignment of the deed of trust. The homeowners did not claim the lender committed misconduct in foreclosing on the property and admitted they were in default. The appellate court rejected the challenge, reasoning: "Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might

6

be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note." (*Id*. at p. 1507.)

The court in *Jenkins*, *supra*, 216 Cal.App.4th 497 reached a similar result, rejecting a homeowner's challenge to a foreclosure based on an improper transfer of the promissory note. The court found the homeowner's obligation under the note remained the same, even if subsequent assignments were invalid. The court reasoned: "California courts have refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure." (*Id*. at p. 511.) In *Gomes*, *supra*, 192 Cal.App.4th at p.1155, the court found section 2924, subdivision (a) does not provide for a judicial action to determine whether the person initiating the foreclosure process is authorized.

Here, the Boyles acknowledge they had ceased to make their loan payments. They do not allege that the assignments they claim are fraudulent interfered with their ability to repay the loan. Instead, the Boyles argue that *Glaski v. Bank of America* (2013) 218 CalApp.4th 1079 (*Glaski*) "provides the framework for the facts necessary to allege an invalid Assignment of Deed of Trust and the concomitant lack of authority to effect a foreclosure."

In *Glaski*, the court held that the plaintiff stated a cause of action for wrongful foreclosure under the theory that the entity invoking the power of sale was not the holder of the deed of trust. The problem was a glitch in the securitization of the loan and a violation of New York law. In essence, the plaintiff's loan was not transferred into the securitized trust before it closed and therefore the transfers were ineffective. (*Glaski*, *supra*, 218 Cal.App.4th at p. 1082.) The court determined: "Transfers that violate the terms of the trust instrument are void under New York trust law, and borrowers have standing to challenge void assignments of their loans even though they are not a party to, or a third party beneficiary of, the assignment agreement." (*Id*. at p. 1083.)

7

*Glaski*, however, has not been well received by federal courts. "Every court in [the Northern] district that has evaluated *Glaski* has found it is unpersuasive and not binding authority. [Citations.]" (*Zapata v. Wells Fargo Bank, N.A.* (N.D.Cal. Dec. 10, 2013, No. C 13-04288 WHA) 2013 U.S.Dist. Lexis 173187 at p. *5.) Federal courts continue to reject the reasoning in *Glaski.* (*Haddad v. Bank of America, N.A.* (S.D.Cal. Jan 8, 2014, No. 12cv3010-WQH-JMA) 2014 U.S.Dist. Lexis 2205; *Rivac v. Ndex West LLC* (N.D.Cal. Dec. 17, 2013, No. C 13-1417 PJH) 2013 U.S.Dist. Lexis 177073; *Sepehry-Ford v. Dept. Stores Nat. Bank* (N.D.Cal. Dec.13, 2013, No. 13-cv-03131-WHO) 2013 U.S.Dist. Lexis 175320.) We can find no state or federal cases to support the *Glaski* analysis and will follow the federal lead in rejecting this minority holding.

Accordingly, the Boyles' cause of action for fraud based on the assignment of the deed of trust and notice of default is without merit. The court did not err in sustaining the demurrer as to the first cause of action for fraud without leave to amend.[2]

## CIVIL CONSPIRACY

The Boyles claim Bank of America and MERS engaged in a civil conspiracy to commit fraud against them. The court sustained Bank of America and MERS's demurrer, stating, "A claim for conspiracy, standing alone, is not a cognizable cause of action. . . . Because the predicate tort, i.e., fraud, is not adequately pled, this cause of action likewise fails."

---

[2] Prior to oral argument, counsel for the Boyles provided this court with a citation to *Kan v. Guild Mortgage Co.* (2014) 230 Cal.App.4th 736 as additional authority not available at the time briefing was completed. At argument, he stated the case was "of particular importance." The court in *Kan* observed that the *Glaski* decision applies in wrongful foreclosure actions but is of no relevance in a preforeclosure cause of action for quiet title. (*Kan*, at pp. 743-744.) The Boyles thus sought to avoid the argument that *Glaski* had no application to their claim. We agree that *Glaski* is relevant to the Boyles' wrongful foreclosure claim, but as noted, we reject its holding. *Kan* provides no assistance to the Boyles.

To establish liability of a defendant for wrongs committed by another as part of a conspiracy, a plaintiff must allege the formation and operation of the conspiracy, the wrongful act done pursuant to the conspiracy, and resulting damage. (*Kidron v. Movie Acquisition Corp.* (1995) 40 Cal.App.4th 1571, 1581.) The conspiring defendants must also have actual knowledge that a tort is planned and agree to the scheme with knowledge of its unlawful purpose. (*Wyatt v. Union Mortgage Co.* (1979) 24 Cal.3d 773, 784-785.)

No cause of action for conspiracy exists unless the plaintiff pleads facts to show some wrongful act that would support a cause of action without conspiracy. (*Jones v. Wells Fargo Bank* (2003) 112 Cal.App.4th 1527, 1541; *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 511.) Here, as the trial court found, the Boyles' conspiracy claim fails because they cannot establish a cause of action for fraud, the underlying tort.

## WRONGFUL FORECLOSURE

In their cause of action for wrongful foreclosure, the Boyles cite section 2924 and allege the notice of default and assignment of the deed of trust are null and void. In essence, the third cause of action for wrongful foreclosure echoes the allegations underlying their fraud cause of action. The trial court sustained Bank of America and MERS's demurrer without leave to amend: "As stated above [under the fraud cause of action], MERS has authority to foreclose. Additionally, there are no requirements for the production of an original promissory note prior to initiation of a non-judicial foreclosure sale. [Citation.] Additionally, plaintiffs have failed to allege damages as a result of the wrongful foreclosure."

Sections 2924 through 2924k, which set forth California's nonjudicial foreclosure scheme, " 'provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust.' [Citation.] 'These provisions cover every aspect of exercise of the power of sale contained in a deed of trust.' [Citation.] 'The purposes of this comprehensive scheme are threefold: (1) to

provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser.' [Citation.] 'Because of the exhaustive nature of this scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute.' " (*Gomes*, *supra*, 192 Cal.App.4th at p. 1154; see *Lane v. Vitek Real Estate Industries Group* (E.D.Cal. 2010) 713 F.Supp.2d 1092, 1098.)

Addressing defaults, section 2924, subdivision (a)(1) provides that the "trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default."

As we have noted, courts have rejected challenges to the propriety of the foreclosure process by foreclosed-upon homeowners. Here, the Boyles acknowledge, no foreclosure has taken place. The Boyles attempt to recast their cause of action as "Cancellation of Issuance of Assignment of Deed of Trust and Notice of Default," to no avail.

As the trial court properly noted, MERS has the authority to foreclose. The Boyles do not dispute they have ceased to make their loan payments. They do not allege that the assignments they complain of interfered with their ability to repay the loan. Although the Boyles set forth alleged damages, they fail to connect those damages to the alleged irregularities in the processing of the loan. Their wrongful foreclosure cause of action based on alleged defects in the transfer of the underlying loan lacks merit and the demurrer to the wrongful foreclosure cause of action was properly sustained without leave to amend.

10

## VIOLATION OF BUSINESS AND PROFESSIONS CODE
## SECTION 17200 ET SEQ.

The Boyles contend they have adequately presented a cause of action for violation of Business and Professions Code section 17200 et seq. The trial court sustained the demurrer to this cause of action based on the Boyles' failure to allege the requisite damages.

To allege a claim of unlawful business practices under Business and Professions Code section 17200 et seq., a plaintiff must allege facts that show the practice violated a specific underlying law. (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 180.) In addition, the plaintiff must also allege a financial or property loss as a result of the defendant's unlawful acts. (*Jenkins*, *supra*, 216 Cal.App.4th at pp. 521-522.)

In support of their claim, the Boyles incorporated the allegations set forth elsewhere in their second amended complaint. However, we have found none of the causes of action cited sufficient to survive demurrer. Where a Business and Professions Code section 17200 claim is based on facts supporting other causes of action that have been found wanting, it is appropriate to also dismiss the underlying section 17200 claim. (*Keen v. American Home Mortgage Servicing, Inc.* (E.D.Cal. 2009) 664 F.Supp.2d 1086, 1102.) Accordingly, the trial court properly sustained the demurrer as to the cause of action for violation of section 17200 et seq. without leave to amend.

### DISPOSITION

The judgment is affirmed.

                                                RAYE , P. J.

We concur:

ROBIE , J.

DUARTE , J.