Filed 10/23/15  Anderson v. U.S. Bank Nat. Assn. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ELLA M. ANDERSON et al., | B260254 |
| Plaintiffs and Appellants, | (Los Angeles County |
| v. | Super. Ct. No. KC066740) |
| U.S. BANK NATIONAL ASSOCIATION, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dan T. Oki, Judge.  Affirmed.

Ella M. Anderson and Willie Anderson, in pro. per., for Plaintiffs and Appellants.

Keesal, Young & Logan, David D. Piper and Sean B. Cooney for Defendant and Respondent.

_____

Ella M. Anderson and Willie Anderson obtained a $319,500 loan from a lender and, to secure the loan, executed a deed of trust encumbering one of their houses. The lender's beneficiary assigned the deed of trust to U.S. Bank National Association (U.S. Bank) as trustee. When the Andersons failed to make loan payments, U.S. Bank initiated foreclosure. The Andersons filed this lawsuit to quiet title, challenging U.S. Bank's authority to foreclose because the assignment to U.S. Bank is allegedly invalid and arguing they are no longer obligated to pay the loan to anyone—the original lender or U.S. Bank. The trial court sustained U.S. Bank's demurrer because the Andersons do not have a legal basis to bring this lawsuit. We affirm.

## BACKGROUND

### I. Facts of the case

In July 2007, the Andersons obtained a $319,500 loan from Encore Credit. To secure the loan, they executed a deed of trust encumbering their house, naming Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary. In March 2012, MERS (as nominee for Encore Credit) recorded an assignment of the deed of trust to U.S. Bank as trustee. The Andersons began missing loan payments, and U.S. Bank initiated foreclosure.

### II. Procedural history

In March 2014, the Andersons filed this lawsuit with two causes of action: to quiet title and for wrongful foreclosure. In June, the trial court sustained U.S. Bank's demurrer but allowed the Andersons leave to amend.

In July, the Andersons amended their complaint to assert the quiet title claim only. The Andersons alleged that U.S. Bank has no authority to initiate foreclosure because the assignment of the deed of trust to U.S. Bank is invalid and therefore they are not obligated to pay the loan to anyone.

The trial court sustained U.S. Bank's demurrer because the Andersons have not shown any legal basis for asserting their quiet title claim; the trial court also denied the Andersons leave to amend their complaint.

2

**DISCUSSION**

We review de novo the trial court's judgment sustaining a demurrer. (*Bank of America, N.A. v. Mitchell* (2012) 204 Cal.App.4th 1199, 1203.) "'A demurrer tests the legal sufficiency of the factual allegations in a complaint.'" (*Ibid.*) On trial court rulings such as denial of leave to amend after sustaining a demurrer, however, our standard of review (abuse of discretion) is deferential to the trial court. (*Id.* at p. 1204.)

**I.      The trial court correctly held that the Andersons have no legal basis for asserting their claim.**

> *A.      California precedent*

>> **1.      Financing real property with a deed of trust**

In California, financing of real property is generally accomplished through a deed of trust. (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 507 (*Jenkins*).) "A deed of trust . . . conveys title to real property from the trustor-debtor to a third-party trustee to secure the payment of a debt owed to the beneficiary-creditor under a promissory note." (*Id.* at p. 508.) "[I]f the trustor-debtor fails to pay back the debt owed under the promissory note," the trustee must initiate foreclosure on the real property for the benefit of the beneficiary-creditor. (*Ibid.*)

>> **2.      Defaulting debtors cannot delay foreclosure by requiring foreclosing party to prove in court its authority to foreclose.**

California is a nonjudicial foreclosure state. Multiple California court decisions have established that a defaulting debtor has no right to bring a lawsuit to challenge the authority of a foreclosing party to initiate nonjudicial foreclosure proceedings. (See *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149 (*Gomes*); *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256 (*Fontenot*); *Herrera v. Federal National Mortgage Association* (2012) 205 Cal.App.4th 1495; *Jenkins*, *supra*, 216 Cal.App.4th 497; *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75 (*Siliga*); *Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481; *Kan v. Guild Mortgage Company* (2014) 230 Cal.App.4th 736 (*Kan*).)

3

The seminal case, *Gomes*, *supra*, 192 Cal.App.4th 1149, explained that the state Legislature enacted a comprehensive statutory framework to regulate such foreclosures, intending the process to be quick, inexpensive, and efficient specifically by keeping courts out. (*Id.* at p. 1154.) Lawsuits that would require the foreclosing party to prove in court its authority to initiate a foreclosure—when it is undisputed that the debtors are in default—are simply an attempt to interject courts into the nonjudicial scheme, which undermines the framework established by the Legislature. (*Id.* at pp. 1154–1155.) Such lawsuits would not only burden and lengthen the foreclosure process but also allow defaulting debtors to file lawsuits solely to delay valid foreclosure. (*Id.* at p. 1155.) There is no unfairness to the debtor, because the foreclosure should occur regardless; an assignment merely substitutes one creditor for another, without changing the debtor's unmet obligation under the note. (*Fontenot*, *supra*, 198 Cal.App.4th at p. 272.)

"As a result, a nonjudicial foreclosure sale is presumed to have been conducted regularly, and the burden of proof rests with the party [challenging the sale] to rebut this presumption." (*Fontenot*, *supra*, 198 Cal.App.4th at p. 270.) Thus, the plaintiff has the burden to affirmatively plead a specific factual basis for the alleged misconduct. (*Ibid.*)

**B.  *The Andersons do not have a legal basis for this lawsuit.***

The trial court correctly held that *Gomes*, *supra*, 192 Cal.App.4th 1149, and its progeny applies. The Andersons' first amended complaint challenges the authority of U.S. Bank to initiate foreclosure. This is the same argument repeatedly rejected by courts, and we reject it again here.

On appeal, the Andersons ask this court not to follow *Gomes*, 192 Cal.App.4th 1149, and instead find that there is always a private cause of action to challenge a foreclosing party's authority. The Andersons cite as support the California Homeowner Bill of Rights (HBOR), the Fifth Appellate District's decision in *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079 (*Glaski*), and a First Circuit case, *Culhane v. Aurora Loan Services of Nebraska* (1st Cir. 2013) 708 F.3d 282. We are not persuaded.

First, HBOR became effective only on January 1, 2013. The conduct that the Andersons allege as improper (assignment of the deed of trust to U.S. Bank) occurred in

4

March 2012, before the HBOR effective date. While they allege in their brief that a foreclosure occurred in 2014, after the HBOR effective date, their first amended complaint contains no such factual allegation. Further, the Andersons failed to cite which statutory provision in HBOR provides the cause of action allegedly applicable here.

Second, *Glaski*, *supra*, 218 Cal.App.4th 1079, is an outlier decision that our district is not bound to follow.[1] Indeed, no other California court has followed the reasoning in *Glaski*. For example, other divisions in our district have instead followed the reasoning in *Gomes*, *supra*, 192 Cal.App.4th 1149, which issued before *Glaski*. (See *Siliga*, *supra*, 219 Cal.App.4th 1481; *Kan*, *supra*, 230 Cal.App.4th 736.) Not only do we give substantial deference to decisions within our district, but we agree that their reasoning is correct, as discussed above.

Third, the First Circuit case is not persuasive here. Not only are federal appellate opinions not binding authority, that case does not apply to the facts here. The First Circuit did not consider California's unique nonjudicial statutory framework, the main reason for why judicial challenge to a foreclosing party's authority is not appropriate.

The Andersons also argue that if *Gomes*, *supra*, 192 Cal.App.4th 1149, applies, they have stated a specific factual basis for why U.S. Bank does not have authority to foreclose here. The Andersons' allegations, however, are vague, conclusory, and not supported by applicable legal authority—essentially a hodge podge of various well-known arguments already unsuccessfully asserted by other defaulting debtors hoping to delay valid foreclosure. The only argument that they actually develop to an extent is that allegedly U.S. Bank was only assigned the deed of trust and not the note. But, again, that ground has been rejected by California courts, because a foreclosing party need not hold the underlying promissory note to initiate foreclosure. (See *Debrunner v. Deutsche Bank*

---

[1] The California Supreme Court has granted review in several cases discussing how no California court has followed *Glaski*, *supra*, 218 Cal.App.4th 1079, but it has not yet issued a decision. (See *Yvanova v. New Century Mortgage Corporation* (2014) 331 P.3d 1275; *Keshtgar v. U.S. Bank* (2014) 334 P.3d 686; *Mendoza v. JPMorgan Chase Bank* (2014) 337 P.3d 493.)

*National Trust Co.* (2012) 204 Cal.App.4th 433, 440–441; *Siliga*, *supra*, 219 Cal.App.4th at p. 84, fn. 5; *Shuster v. BAC Home Loans Servicing, LP* (2012) 211 Cal.App.4th 505, 511.)

**II.     The Andersons have failed to show the trial court abused its discretion in denying leave to amend.**

When "'the plaintiff demonstrates a reasonable possibility that the defect can be cured by amendment,'" we will reverse a trial court's denial of leave to amend as an abuse of its discretion. (*Bank of America, N.A. v. Mitchell*, *supra*, 204 Cal.App.4th at p. 1204.) Here, again, the Andersons provide no substantive argument as to how they could cure the defect in their complaint identified by the trial court; instead, they argue that the trial court should not have sustained demurrer in the first place. As explained above, we agree with the trial court's sustaining U.S. Bank's demurrer and therefore find no abuse of discretion in the trial court's decision not to grant leave to amend.

**DISPOSITION**

The judgment is affirmed. Costs are awarded to U.S. Bank National Association. NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


MOOR, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.