Filed 1/29/21 Silver v. Cast & Crew Production etc. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CHRISTIAN SILVER,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>CAST & CREW PRODUCTION PAYROLL INC., et al.,<br><br>        Defendants and Respondents. | B303863<br><br>(Los Angeles County Super. Ct. No. 19VECV00942) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Shirley K. Watkins, Judge. Affirmed.

Christian Silver, in pro. per., for Plaintiff and Appellant.

Kutak Rock and Saundra K. Wootton for Defendants and Respondents.

_____

Christian Silver (Silver), a tax objector, appeals from the judgment of dismissal in his action seeking to hold Cast & Crew Production Payroll, Inc., Cast & Crew Production Services, New Caps LLC, Cast & Crew Entertainment Company, and Talent Acquisitions, LLC (collectively respondents) liable for withholding taxes from his paychecks in compliance with instructions from the Internal Revenue Service (IRS) and California's Franchise Tax Board (FTB).  He contends that when the trial court sustained the respondents' demurrer without leave to amend, it erroneously determined that they committed no wrongful acts and, at least in part, were statutorily immune from liability.  We find no error and affirm.

**FACTS**

**The Complaint**

The complaint alleged causes of action for (1) negligent misrepresentation, (2) breach of fiduciary duty, (3) breach of the standard of care, (4) duress and defamation, (5) violation of personal rights (Code Civ. Proc., § 52.1), (6) restoration of property (Civ. Code, § 1712), (7) failure to pay wages (Lab. Code, § 218) and waiting time penalties (Lab. Code § 203), and (8) violation of the right of privacy.

Per the complaint:

Silver works as a studio grip in the film and television industry and is employed by production companies.  He earns hourly wages, which are paid through the payroll service provided by respondents.  In his withholding allowance certificate, Silver stated that he was exempt from withholding.  The IRS sent respondents a LTR 2800C, commonly known as a lock-in letter, and ordered them to withhold Silver's taxes at the withholding rate of a single person and with a withholding

2

allowance of zero. In addition, the IRS sent respondents a letter titled "Notice of Levy on Wages, Salary, and Other Income" (Levy). Separately, the FTB sent them a letter titled "Personal Income Tax Earnings Withholding Order for Taxes" (Withholding Order). (Italics omitted.) The lock-in letter, the Levy and the Withholding Order, which were attached as exhibits to the complaint, indicated that Silver owed, respectively, $35,828.62 and $34,189.54 in federal and state taxes with respect to unpaid assessments from 2006 and 2007. Respondents wrongfully complied with the directions set forth in the lock-in letter, the Levy and the Withholding Order to withhold money from Silver's paychecks.

**The Demurrer; The Ruling**

Respondents demurred and argued, inter alia: they are statutorily immune from liability for their lawful compliance with federal and state orders requiring garnishment of Silver's wages to remedy a tax debt pursuant to title 26 United States Code section 6332(e) and Code of Civil Procedure section 706.154, subdivision (b);[1] and Silver failed to allege any wrongful or illegal conduct on the part of respondents.

Silver opposed the demurrer.

The trial court sustained the demurrer without leave to amend.[2] In its written order, the trial court determined that there was no basis to conclude that the lock-in letter was illegal

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] The trial court later granted Silver's motion for reconsideration but then entered an order upholding its prior decision.

and that respondents were liable for complying with its terms. With respect to the Levy and Withholding Order, the trial court concluded that respondents were immune from liability pursuant to title 26 United States Code section 6332(e) and section 706.154, subdivision (b).

Silver appeals from the judgment of dismissal

## DISCUSSION

We review an order sustaining a demurrer de novo, i.e., with no deference to the trial court, and we examine whether, as a matter of law, the complaint states a cause of action. (*Kan v. Guild Mortgage Co.* (2014) 230 Cal.App.4th 736, 740.) "When a demurrer is sustained without leave to amend, 'we decide whether there is a reasonable possibility the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.  [Citations.]  The burden of proving such reasonable possibility is squarely on the plaintiff.  [Citation.]'  [Citation.]" (*Id.* at pp. 740–741.)

## I.  The IRS Lock-In Letter.

Silver maintains that there is no legal authority for the IRS to send lock-in letters, and that his withholding exemption certificate cannot be negated.  On this basis, he contends that respondents can be held liable for complying with the lock-in letter.  We disagree.

The IRS has the authority to instruct an employer regarding how many withholding exemptions, if any, that an employee can claim.  (26 C.F.R. § 31.3402(f)(2)-1, (g)(2)(i) [the IRS "may notify the employer in writing that the employee is not entitled to claim a complete exemption from withholding or more than the maximum withholding allowance number of withholding

4

exemptions specified by the IRS in the written notice"]; *Stonecipher v. Bray* (9th Cir. 1981) 653 F.2d 398, 402–403 (*Stonecipher*) [the IRS can review withholding certificates and W-4 Forms and declare them invalid].)  Of course, if withholding exemptions are disallowed, the employee will have more federal income taxes withheld from his or her paycheck.  A tax payer is not entitled to a hearing prior to a determination that he or she cannot claim some or all the desired withholding exemptions.  "The prompt collection of taxes is necessary for the nation's continued existence and is an important governmental interest that justifies postponing notice and opportunity for a hearing. [Citation.]" (*Id*. at p. 403.)  If a taxpayer objects to his or her tax liability, he or she can either contest the liability in tax court prior to paying the disputed tax or sue for a refund.  (*Ibid*.)

We easily conclude that instructions in the form of a lock-in letter are lawful.  Thus, the complaint fails to allege liability related to the lock-in letter.  All Silver's arguments to the contrary are incomprehensible and/or insufficiently supported by legal citations and cogent analysis.  "'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations.]'" (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.)

## II.  The Levy.

Per Silver, the trial court erred when it concluded that respondents are immune from liability for their compliance with the Levy.  Once again, we disagree.

"Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders

5

such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment."[3]  (26 U.S.C., § 6332(e).)

This statute immunized respondents' actions, and Silver has failed to establish otherwise.  Though he offers plethora arguments to attack the trial court's ruling, these arguments are disjointed and lack proper legal footing.  We need not recount them here.  Suffice it to note that Silver has not adequately developed his arguments, and it is not our responsibility to fill in the gaps.  (*Alvarez v. Jacmar Pacific Pizza Corp.* (2002) 100 Cal.App.4th 1190, 1206, fn. 11.)

## III.  The Withholding Order.

California, like the federal government, provides immunity to respondents.  An earning withholdings order for taxes is authorized by the chapter in the Code of Civil Procedure pertaining to wage garnishment.  (§§ 706.021 & 706.072.)  The chapter provides:  "[A]n employer who complies with any written order or written notice which purports to be given or served in accordance with the provisions of [the chapter on wage garnishment] is not subject to any civil or criminal liability for such compliance unless the employer has actively participated in a fraud."  (§ 706.154, subd. (b).)

---

[3]  The term "Secretary" means "the Secretary of the Treasury or his delegate."  (26 U.S.C. § 7701(a)(11)(B).)

The Withholding Order was fully authorized by statute, and the trial court properly concluded that respondents are immune from liability.

To avoid this immunity, Silver contends that the chapter on wage garnishment, including its immunity provision, only applies to public sector employees and therefore does not apply to him because he is a private sector employee. This is a patently frivolous argument built on a card house of legal gibberish. Suffice it to point out that "employee" is defined to mean "a public officer and any individual who performs services subject to the right of the employer to control both what shall be done and how it shall be done." (§ 706.011, subd. (e).) The statute undeniably defines an employee as, inter alia, any individual who performs services subject to an employer's right of control. There is no public/private qualifier. We need not comment on Silver's arguments any further.

Next, Silver contends that the trial court's interpretation of the wage garnishment statutes renders the whole chapter unconstitutional. We decline to go down this legal rabbit hole because the argument is nonsensical, Silver has not explained why the immunity provision is unconstitutional and, finally, he has not explained how his argument results in respondents being liable.

## IV.  Denial of Leave to Amend.

Silver requests that we remand the matter to allow him the opportunity to amend his pleading if we do not reverse the order sustaining the demurrer. But he has not explained how he can successfully amend, so he has not established that the trial court abused its discretion.

All other issues are moot.

**DISPOSITION**

The judgment of dismissal is affirmed.

Respondents shall recover their costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
       ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT


8