Filed 1/29/16  Van Dusen v. Bank of America

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| STEVEN VAN DUSEN,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>        Defendants and Respondents. | A141567<br><br>(Contra Costa County<br>Super. Ct. No. MSC1300554) |

Steven Van Dusen appeals from the denial of his motion for relief from an order dismissing his complaint.  The complaint had been dismissed due to Van Dusen's failure to amend his pleading in a timely manner.  Van Dusen contends the court erred, claiming his amended pleading was timely.  We will affirm.

## I.  FACTS AND PROCEDURAL HISTORY

### A.  Background

We set forth the following facts based on the allegations of Van Dusen's complaint and documents that respondents submitted to the trial court for judicial notice.[1]

In December 2004, Van Dusen obtained a $538,000 loan from BWC Mortgage Services, secured by a deed of trust on residential real property in Martinez, California (Property).  The deed of trust identified BWC Mortgage Services as the lender and Fidelity National Title as the trustee.

---

[1]     Van Dusen does not contend the documents, or the information contained therein, were not the proper subject of judicial notice.

1

Van Dusen failed to make required loan payments beginning in 2009 and, after December 2009, stopped making payments altogether.

In August 2011, Fidelity National Title assigned its interest in the deed of trust to The Bank of New York Mellon, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2005-1, Mortgage Pass-Through Certificates, Series 2005-1 (BNY). In November 2011, BNY substituted ReconTrust Company, N.A. (ReconTrust) as trustee.

In November 2011, ReconTrust recorded a notice of default and election to sell the Property, asserting that Van Dusen was in arrears by more than $79,000.

ReconTrust recorded a notice of trustee's sale in February 2012. By this point, the unpaid loan balance had reached over $650,000.

In July 2012, the Property was sold at a public auction, as evidenced by a trustee's deed upon sale.

Van Dusen filed this lawsuit against respondents in March 2013. Although he filed the complaint in propria persona, by July 2013 he retained legal counsel who represented him for the remainder of the case.

B.  Van Dusen's Complaint

Van Dusen's complaint asserted causes of action for violation of Civil Code sections 2923.5 and 2932.5, wrongful foreclosure under Civil Code section 2924, declaratory relief, reformation, quiet title, breach of contract, violation of the unfair competition law (UCL) (Bus. & Prof. Code, § 17200 et seq.), injunctive relief, and violation of the Truth in Lending Act (TILA) (15 U.S.C. § 1601 et seq.).

The causes of action for statutory violations, wrongful foreclosure, declaratory relief, and injunctive relief were based on respondents' alleged lack of authority to foreclose due to invalid assignments, procedural irregularities, servicing improprieties and securitization issues. The causes of action for reformation, quiet title, and violation of the UCL and TILA asserted improper conduct during the origination of the loan, such

2

as failing to disclose information about the loan terms and offering a loan Van Dusen would not be able to afford.

## C. Respondents' Demurrer

Respondents filed a demurrer to the complaint in May 2013, setting forth the deficiencies of each of Van Dusen's causes of action. Van Dusen opposed the demurrer, arguing that that all of his claims were properly pleaded.

## D. Trial Court's Order Sustaining Demurrer With Leave to Amend

After the issuance of a tentative ruling, the demurrer was heard on July 29, 2013, and the court took the matter under submission. By minute order dated August 2, 2013, the court adopted its tentative ruling and sustained the demurrer in its entirety. As relevant here, the court concluded that Van Dusen had not alleged a wrongful foreclosure claim because he did not allege that he had tendered his outstanding indebtedness.

The court granted Van Dusen leave to amend the complaint on a limited basis by a specified date. In the tentative ruling and the ensuing minute order, the court stated that Van Dusen "will be afforded *one* opportunity to amend to state a cause of action *for wrongful foreclosure*" and denied leave to amend as to all other purported causes of action. (Italics added.) The court specified that "[a]ny amended complaint *must be filed and served by August 8, 2013*." (Italics added.) At the conclusion of the minute order, the court stated, "[Ten] day(s) leave to file amended complaint to the complaint of Van Dusen." Ten days after the hearing date was August 8, 2013.

On August 5, 2013, respondents served Van Dusen with notice of the order, including a specific advisement that an amendment to the complaint would have to be filed by August 8, 2013.

## E. Dismissal of the Complaint for Failure to Timely Amend

After Van Dusen failed to amend by August 8, 2013, respondents filed a motion to dismiss the complaint on August 12, 2013. They contended that dismissal was appropriate under Code of Civil Procedure section 581, subdivision (f)(2), because Van

3

Dusen had not filed an amended complaint by the court-ordered deadline. A hearing on the motion was scheduled for September 30, 2013.

On August 19, 2013, Van Dusen filed a document entitled "Plaintiff's First Amended Complaint: [] Wrongful Foreclosure Violation of [Civ. Code, §] 2924." The only cause of action mentioned within the first amended complaint, however, was not for wrongful foreclosure, but for "Declaratory Relief." Moreover, the allegations of the cause of action did not assert that a tender had been made or that the tender requirement for a wrongful foreclosure action was excused.

Van Dusen also filed an opposition to respondents' motion to dismiss his complaint, contending the tardiness of his first amended complaint was due to the inadvertence, excusable neglect, and mistake of counsel; the filing was not untimely because it occurred on August 18 (actually, August 19) and the court did not enter its order until August 20, 2013; respondents would not be prejudiced if the first amended complaint was deemed timely; and respondents' counsel failed to disclose that the court had taken the matter under submission on the date of the hearing.

In its reply papers in support of the motion to dismiss, respondents explained, among other things, the circumstances of the court's taking the matter under submission: "The Court adopted its tentative ruling the day of the demurrer hearing—July 29, 2013. While it is true that the Court took the matter under submission, the Court made clear to counsel for Plaintiff and Defendants, both of whom were present at the demurrer hearing, that the tentative ruling would become the order of the Court unless the Court informed counsel otherwise by the close of business on July 29, 2013. As there was no communication from the Court following the demurrer hearing, . . . the tentative ruling became the order of the Court at that time." (Italics omitted.)

On August 28, 2013, while respondents' motion to dismiss the complaint was pending, Van Dusen filed a motion for leave to file a *second* amended complaint. The hearing on this motion was set for the same date as the motion to dismiss, September 30, 2013. The proposed second amended complaint contained causes of action for declaratory relief, fraud, negligence, and promissory estoppel. Van Dusen asserted that

4

the facts giving rise to the additional causes of action were "only recently discovered after [he] retained his current attorney," although the attorney who filed the motion for leave to file the second amended complaint—Vernon Bradley—had also filed the first amended complaint.

Respondents opposed Van Dusen's motion for leave to file a second amended complaint, contending that Van Dusen had not explained his delay in seeking to amend (Cal. Rules of Court, rule 3.1324(b)(4)) and that the proposed pleading did not state a valid cause of action.

On September 30, 2013, the court granted respondents' motion to dismiss Van Dusen's complaint. The court also ruled that, in light of the dismissal order, Van Dusen's motion for leave to file a second amended complaint was moot. A formal order (judgment) dismissing the action with prejudice was entered on October 16, 2013.

F. Van Dusen's Motion for Relief

In October 2013, Van Dusen filed a motion under Code of Civil Procedure section 473 for relief from the order dismissing his complaint. Van Dusen argued that the late filing of the first amended complaint was due to his counsel's mistake, inadvertence, or neglect arising from a calendaring issue. He contended he had viable claims based on *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079 (*Glaski*). And although the foreclosure sale had taken place in July 2012, he urged that he could obtain relief under legislation that did not become effective until January 2013.

Respondents opposed Van Dusen's motion, asserting that the mandatory relief provision in Code of Civil Procedure section 473 did not apply because the dismissal was entered after a contested hearing in which Van Dusen was represented by counsel. In addition, respondents argued that the discretionary relief provisions under Code of Civil Procedure section 473 did not apply because Van Dusen could not demonstrate inadvertent mistake or excusable neglect and, in any event, he had not demonstrated that he had any meritorious claims.

5

In December 2013, the trial court denied Van Dusen's motion for relief. The court ruled that Van Dusen was not entitled to mandatory relief under Code of Civil Procedure 473, subdivision (b), because mandatory relief pertains only to a dismissal that occurred due to an attorney's failure to oppose a dismissal motion that is the procedural equivalent of a default, Van Dusen had not met his burden of showing excusable neglect, and Van Dusen had not demonstrated a meritorious case.[2] In addition, the court found that respondents would be prejudiced if the requested relief were granted.

The formal written order denying Van Dusen's motion for relief was filed on March 4, 2014. Respondents served notice of the entry of the order on March 12, 2014.

Van Dusen thereafter filed a notice of appeal from the "Order denying Motion for Relief" entered on "March 13, 2014."

## II. DISCUSSION

### A. Scope of the Appeal

As mentioned, Van Dusen's notice of appeal states that he is appealing from the trial court's "Order denying Motion for Relief." In his opening brief in this appeal, however, he does not address the order denying his motion for relief; instead, he argues that the court erred in granting respondents' motion to dismiss and denying his motion for leave to file a second amended complaint.

The notice of appeal generally governs the scope of our review. Where there has been both an appealable judgment and an appealable postjudgment order, each one is subject to appellate review only to the extent it is expressly specified in a notice of appeal. (*Sole Energy Co. v. Petrominerals Corp*. (2005) 128 Cal.App.4th 212, 239 (*Sole Energy*) [appeal from judgment did not perfect appeal from postjudgment order granting new trial]; *Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220

---

[2] Specifically, the court concluded that Van Dusen had no cause of action under Civil Code section 2924, subdivision (a)(6), because the provision was enacted months after the foreclosure sale took place, and *Glaski* was unpersuasive in light of *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497 and *Gomes v. Countrywide Home Loans, Inc.* (2001) 192 Cal.App.4th 1149.

Cal.App.3d 35, 46-47 [appeal from judgment did not entitle appellant to review of postjudgment order].) Although we construe notices of appeal broadly, a notice that clearly identifies only one appealable ruling or aspect of a judgment usually precludes review of any other portion of the judgment. (*Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173; *Glassco v. El Sereno Country Club, Inc.* (1932) 217 Cal. 90, 91-92 [notice of appeal stating plaintiff was appealing " 'from so much of the judgment herein as denies relief to the plaintiffs against the said defendant' " did not include a "separate and distinct portion of the judgment denying plaintiffs a lien"]; see *Luz v. Lopes* (1960) 55 Cal.2d 54, 59 [a notice of appeal is liberally construed if it is reasonably clear what appellant was trying to appeal and other party could not have been misled or prejudiced].)

Here, Van Dusen clearly appealed only from the trial court's denial of his motion for relief. Although he argues in his reply brief that the notice of appeal "encompasses four 'interwoven' orders that cannot be 'severed' from each other"—including the order of dismissal as well as the order denying relief under Code of Civil Procedure section 473—he is incorrect. The notice of appeal targets only the order denying relief under Code of Civil Procedure section 473, which may stand alone as an appealable order (*Prieto v. Loyola Marymount University* (2005) 132 Cal.App.4th 290, 294, fn. 4) and therefore must be separately mentioned in a notice of appeal (*Sole Energy, supra*, 129 Cal.App.4th at p. 239).

While the notice of appeal challenges only the court's ruling on the motion for relief, Van Dusen presented no arguments in his opening brief regarding the court's denial of that motion. Furthermore, his arguments concerning the underlying order dismissing the case (i.e., whether the first amended complaint was timely filed) do not address *all* of the requirements for relief under Code of Civil Procedure section 473. Because Van Dusen has not provided pertinent legal argument or citation to relevant legal authority affirmatively demonstrating error in the denial of his motion for relief, the issue is waived or abandoned. (*Associated Builders & Contractors, Inc. v. San Francisco Airports Com.* (1999) 21 Cal.4th 352, 366, fn. 2 (*Associated Builders*); *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.) And since the order

7

denying relief is the only order expressly challenged in the notice of appeal, we could dismiss the appeal.

Nonetheless, in light of the overlap of issues arising from the dismissal order and the order denying relief from the dismissal order, as well as the fact that respondents have had the opportunity to fully brief their response to the arguments in Van Dusen's opening brief, we will view the notice of appeal broadly and consider Van Dusen's arguments on their merits.

### B.  The Trial Court Did Not Err in Granting the Motion to Dismiss

Code of Civil Procedure section 581, subdivision (f)(2) authorizes a trial court to dismiss a complaint when, "after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." (*Cano v. Glover* (2006) 143 Cal.App.4th 326, 330 [dismissal with prejudice].)  We review for an abuse of discretion. (*Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827.)

#### 1.  The Trial Court Properly Dismissed the Complaint

At the hearing on July 29, 2013, the trial court informed counsel that the tentative ruling—sustaining the demurrer with leave to amend a wrongful foreclosure cause of action by August 8, 2013—would become the order of the court unless counsel were notified later that day.[3]  There is no indication that the court advised counsel that day that it would divert from its tentative ruling.  To the contrary, the written minute order of August 2, 2013, set forth the language of the tentative order, stating, "Plaintiff will be afforded one opportunity to amend to state a cause of action for wrongful foreclosure," "[a]ny amended complaint must be filed and served by August 8, 2013," and "10 day(s)

---

[3]  The reporter's transcript is not in the appellate record, so there is no official transcript of the court's statement.  Because Van Dusen elected to proceed in this appeal without a reporter's transcript, we would affirm any ruling for which our analysis depends on our review of the oral proceedings.  (See *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [without a reporter's transcript, the evidence is conclusively presumed to support the judgment].)  We rely on the description of the hearing provided by respondents' counsel in the trial court, which is contained in the clerk's transcript.

leave to file amended complaint to the complaint of Van Dusen." Since the hearing was on July 29, 2013, the 10-day period for filing an amendment ended on August 8, 2013.

Van Dusen did not file an amended complaint by August 8, 2013. His filing on August 19, 2013, was untimely, and no abuse of discretion appears in granting the motion to dismiss.

### 2. Van Dusen's Arguments Are Meritless

Van Dusen contends the court erred because his first amended complaint "was timely filed before *entry* of the demurrer order" on August 20, 2013. (Italics added.) He insists that, "[o]nly after the formal order had been entered, could Respondent properly serve a notice of entry of order triggering deadlines for compliance with the order." He provides no authority for that proposition where, as here, the order provides a specific deadline for the amendment. In any event, his argument is irrelevant because, regardless of when the formal order was *entered*, the order requiring any amended pleading by August 8 had *issued*; indeed, if that order was not effective, there was no order allowing him to file any amended complaint at all.

Van Dusen further maintains that the order granting leave to amend stated, in addition to a deadline of August 8, "10 day(s) leave to file [an] amended complaint." As mentioned *ante*, however, since the deadline of August 8 is specified explicitly in the order, and August 8 was in fact 10 days from the date of the hearing, the reasonable reading of this language is that the amendment was due by the specified date of August 8, 2013. Accordingly, Van Dusen's first amended complaint was not timely filed.

Furthermore, even if we ignored the trial court's express deadline of August 8, 2013, and calculated a 10-day period as Van Dusen suggests, we would conclude the court did not err in dismissing the complaint.

Where a court has specified a time period within which to amend, the period runs from the date of the notice of the ruling. (Code Civ. Proc., § 472b ["When a demurrer to any pleading is sustained or overruled, and time to amend or answer is given, the time so given runs from the service of notice of the decision or order . . ."].) Ten days from the

9

August 5, 2013, service of notice of the order sustaining the demurrer was August 15, 2013; adding five days because service of the notice was by mail, the deadline for filing the amended complaint would be August 20, 2013. (Code Civ. Proc., § 1013, subd. (a).) By that calculation, Van Dusen's filing of the first amended complaint on August 19, 2013, would be timely.

Nonetheless, the first amended complaint still did not comply with the court's order permitting the amendment. The court ruled that Van Dusen would be afforded a single opportunity to "amend to state a cause of action for *wrongful foreclosure*." (Italics added.) The allegations of the first amended complaint did *not* purport to state a cause of action for wrongful foreclosure, but a claim for declaratory relief, to which the court had already sustained a demurrer without leave to amend. Moreover, Van Dusen has not established that the allegations of the first amended complaint cured the defect that had led the court to sustain the demurrer to the wrongful foreclosure cause of action in the first place, since he has not pointed to any allegations of either a tender of the outstanding indebtedness or facts indicating the existence of a lawful excuse from the tender requirement. Because Van Dusen's first amended complaint did not comply with the court's order allowing the amendment, the court did not err in dismissing the complaint. (See *Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1023 [following an order sustaining a demurrer, the plaintiff may not amend the pleading to assert a cause of action that is not within the scope of the order that granted leave to amend].)

Van Dusen does not explain in his opening brief in this appeal how the allegations of his first amended complaint set forth a cause of action for wrongful foreclosure. He attempts to do so in his reply brief, but his efforts are too little, too late. We generally do not consider arguments raised for the first time in the reply brief. (See *REO Broadcasting Consultants v. Martin* (1999) 69 Cal.App.4th 489, 500.) And even if we did, Van Dusen's arguments are unpersuasive. He relies on *Glaski*, *supra*, 218 Cal.App.4th 1079, to contend he could challenge the foreclosure proceedings, but *Glaski* has been repeatedly rejected by California courts and federal courts alike. (See, e.g., *Kan*

10

*v. Guild Mortgage Co.* (2014) 230 Cal.App.4th 736, 742-744.)[4] He identifies a number of exceptions to the tender requirement, but he still does not explain how any of them are applicable to *this* case, in light of the facts alleged in the first amended complaint.

Van Dusen fails to establish that the trial court improperly dismissed the complaint for failing to timely amend his pleading.

C. <u>Van Dusen's Motion for Leave to File a Second Amended Complaint</u>

Van Dusen states in the opening brief that "[t]he [first amended complaint] was timely filed and should not have been dismissed," so "it was reversible error for the trial court to summarily dismiss Appellant's motion for leave to file the [second amended complaint] on the improper ground that the request was mooted by its order on the [first amended complaint]." His challenge to the denial of leave to file a second amended complaint is meritless for several reasons.

First, Van Dusen has not appealed from the denial of his motion for leave to file a second amended complaint.

Second, Van Dusen has not affirmatively demonstrated error. His opening brief contains only the conclusory statement set forth above, without any substantive argument or citation to legal authority. The issue is therefore waived or abandoned. (*Associated Builders, supra*, 21 Cal.4th at p. 366, fn. 2.)

Third, because we have concluded *ante* that the trial court did not err in dismissing the complaint, the order denying leave to file a second amended complaint is, indeed, moot.

III. <u>DISPOSITION</u>

The judgment is affirmed.

---

[4] The validity of *Glaski* and the issue of a borrower's standing to challenge a foreclosing party's authority to foreclose based on the securitization of a debt is presently before our Supreme Court in *Yvanova v. New Century Mortgage Corp.*, review granted August 27, 2014, S218973.

_____

NEEDHAM, J.

We concur.

_____

SIMONS, ACTING P.J.

_____

BRUINIERS, J.