Filed 7/6/16  Collins v. Deutsche Bank National Trust Co. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DAVID COLLINS et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, etc. et al.,<br><br>    Defendant and Respondent. | B260099<br><br>(Los Angeles County<br>Super. Ct. No. EC062385) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Donna Fields Goldstein, Judge.  Affirmed.

Law Office of Michael D. Finley, Michael D. Finley for Plaintiffs and Appellants.

Wright, Finlay & Zak, Jonathan D. Fink, Magdalena D. Kozinska for Defendants and Respondents.

_____

After plaintiffs defaulted on a note secured by real property, they filed this lawsuit to forestall a trustee's sale. The trial court dismissed the complaint after sustaining demurrers without leave to amend. On appeal, plaintiffs fail to show a reasonable possibility that they can state a viable claim, on any theory. We affirm.

## FACTS AND PROCEDURAL HISTORY[1]

In 1993, plaintiffs David Collins and Yvette Herrera became owners of real property on Sunset Canyon Road in Burbank. In 2006, they borrowed $635,000 from Paul Financial, secured by a trust deed (TD) on the property. The beneficiary of the TD was Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for the lender.

Plaintiffs do not deny signing a promissory note or receiving $635,000. Instead, they allege that the loan was obtained by fraud and is void, because the broker "ignored the plaintiffs' inability to repay the loan, knowing that their income did not allow them to qualify for such loan, and never disclosed the real details of the transaction."

In July 2011, two months after plaintiffs defaulted, a deed was recorded, signed by "Nicelette Collins," claiming that all sums owed by plaintiffs and secured by the TD were "no longer valid or have been satisfied," and fully reconveying the Property to plaintiffs. MERS recorded a rescission in January 2013, stating that "Nicelette Collins" was not trustee of the TD and the reconveyance was fraudulent in that plaintiffs did not pay off or satisfy the obligations secured by the TD.

On March 19, 2013, MERS, as nominee for Paul Financial, assigned all interest in the TD to defendant Deutsche Bank National Trust Company (the Bank), solely as trustee for Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-4. Plaintiffs allege that the assignment was invalid.

---

[1] The facts are derived from plaintiffs' complaint and matters subject to judicial notice. (Code Civ. Proc., § 430.30, subd. (a).)

2

A notice of default was recorded on March 26, 2014. Plaintiffs filed suit against the Bank and OCWEN Loan Servicing, LLC, on April 3, 2014.[2] In a 36-page minute order, the trial court sustained defendants' demurrers without leave to amend and expunged the lis pendens. Plaintiffs' action was dismissed with prejudice on September 15, 2014. Plaintiffs appealed.

In March 2015, four months after the appeal was taken, plaintiffs filed a motion to set aside the dismissal of their lawsuit, based on their attorney's mistake or neglect in failing to propose amendments to the complaint. Plaintiffs offered a proposed first amended complaint (PFAC). The trial court took the motion off calendar for lack of jurisdiction, owing to the pending appeal.

## DISCUSSION

### 1. Appeal and Review

Appeal lies from the judgment of dismissal after demurrers are sustained without leave to amend. (Code Civ. Proc., §§ 581d, 904.1, subd. (a)(1); *Serra Canyon Co. v. California Coastal Com.* (2004) 120 Cal.App.4th 663, 667.) Review is de novo. (*Desai v. Farmers Ins. Exchange* (1996) 47 Cal.App.4th 1110, 1115.) We accept the truth of properly pleaded material facts, but not contentions, deductions or conclusions of fact or law; we may also consider matters subject to judicial notice. (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924 (*Yvanova*).)

Plaintiffs may request an amendment on appeal. (Code Civ. Proc., § 472c, subd. (a); *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 746.) The burden of demonstrating a reasonable possibility that defects can be cured "is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1091.) Leave to amend should not be granted if it would be an exercise in futility. (*Long v. Century Indemnity Co.* (2008) 163 Cal.App.4th 1460, 1468.)

---

[2] The complaint asserts 10 causes of action: to quiet title; cancel instruments; violations of the trust-in-lending act; fraud; defamation of title; defamation of credit; quasi-contract; accounting; constructive trust; and unfair business practices.

3

## 2. The *Yvanova* Decision Does Not Mandate Reversal

Plaintiffs argue that *Yvanova* mandates reversal, so that the trial court can consider whether the assignment of their loan to the Bank was void. They are mistaken. This court has held that a debtor cannot maintain a *pre*foreclosure sale claim challenging the securitization of the TD or the TD beneficiary's authority to foreclose. (*Kan v. Guild Mortgage Co.* (2014) 230 Cal.App.4th 736.) *Yvanova* did not affect this holding: the Supreme Court only resolved the "narrow question" of whether a borrower may make a *post*foreclosure challenge to a void assignment of the TD. (*Yvanova*, *supra*, 62 Cal.4th at pp. 934-935.)

Other courts have rejected plaintiffs' theory that a borrower may, on a mere hope or hunch, preempt a nonjudicial foreclosure by challenging a debt assignment. The reasoning is that "California courts do not allow such preemptive suits because they 'would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature.'" (*Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 814; *Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1493; *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1156; *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 513, disapproved on another ground in *Yvanova* at p. 939, fn. 13. See also *Brown v. Deutsche Bank National Trust Co.* (2016) 247 Cal.App.4th 275, 281.)

*Yvanova* is a wrongful foreclosure case in which a borrower sought damages for an illegal, fraudulent or willfully oppressive sale of property securing a TD. (*Yvanova*, *supra*, 62 Cal.4th at p. 929; *Miles v. Deutsche Bank National Trust Co.* (2015) 236 Cal.App.4th 394, 408.) Here, plaintiffs admittedly seek "to stop a foreclosure and quiet title prior to the foreclosure's completion." But they cannot maintain a preemptive action "because it creates an additional requirement that a foreclosing entity first demonstrate in court that it is entitled to foreclose," impermissibly interjecting the courts into the Legislature's comprehensive and efficient nonjudicial foreclosure statutory scheme. (*Kan v. Guild Mortgage*, *supra*, 230 Cal.App.4th at p. 743.)

4

### 3. The Sufficiency of Plaintiffs' Claims

Plaintiffs acknowledge the standard of review. Rather than elucidate how plaintiffs can state a claim against defendants, under any theory, their opening brief assails the trial court's reasoning, a topic that is not germane to our review. "Even if the record demonstrates that the trial court misunderstood or misapplied the law, the ruling must be affirmed if it is supported by any legal theory." (*Hoover v. American Income Life Ins. Co.* (2012) 206 Cal.App.4th 1193, 1201.) There is no prejudice from incorrect logic or reasoning, if the order is correct. (*Ibid.*)

The complaint lists 10 causes of action; the PFAC has eight. The opening brief nowhere recites the elements of each cause of action, or facts supporting each element. Instead, it notes that plaintiffs filed a belated PFAC while this appeal was pending, adding, without explanation, that the "proposed Amended Complaint demonstrated that all of the Trial Court's concerns could be resolved by amendment."

Plaintiffs' cursory request to go forward—without explaining how the PFAC cures the defects in the complaint—is not sufficient to carry their burden of showing that the trial court abused its discretion by sustaining demurrers without leave to amend. It is not enough to say that the judgment is wrong, and plaintiffs forfeit points unsupported by reasoned argument, citations to the record, and pertinent legal authority. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) Plaintiffs' incorporation by reference of their points and authorities fails. (*Parker v. Wolters Kluwer United States, Inc.* (2007) 149 Cal.App.4th 285, 290-291 [a brief incorporating by reference arguments made in the trial court violates the Rules of Court]; *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 294, fn. 20.)[3]

---

[3] Alerted to these deficits by their adversaries, the reply brief has a laundry list of authorities at pages 7-8, with no description of the cases or how they apply to the facts of this appeal. The reply also lists the elements of some claims made in the PFAC. Principles of fairness militate against consideration of points made for the first time in a reply because it deprives an opponent of the right to counter with a written response. (*Prince v. United Nat. Ins. Co.* (2006) 142 Cal.App.4th 233, 238.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.

6